# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Brauer and Estate of Marie L. Brauer, | No. CV-11-771-TUC-DCB-DTF |
| Plaintiffs, | **REPORT AND RECOMMENDATION** |
| vs. | |
| Kindred Nursing Centers West, L.L.C., et al., | |
| Defendants. | |

Pending before the Court are Plaintiff's Motion to Amend the Complaint and Motion to Remand. (Docs. 8, 9.) Defendant filed a combined response to the motions and Plaintiff filed a reply as to each. (Docs. 11, 13, 14.) Pursuant to the Rules of Practice in this Court, the matter was assigned to Magistrate Judge Ferraro for a report and recommendation. The Magistrate recommends the District Court, after its independent review of the record, enter an order granting both motions.

## BACKGROUND

Plaintiff Robert Brauer filed a Complaint in the Pima County Superior Court on October 4, 2001, as the surviving child of Marie L. Brauer and as the representative of her estate. (Doc. 1 at 8.) In the Complaint he named Kindred Nursing Centers West, LLC, dba Villa Campana Health Care Center, as well as John and Jane Does. (*Id.*) Plaintiff alleged that the doe defendants were unknown employees of the named defendant and they committed some of the acts alleged in the Complaint. (*Id.* at 9.)

| | |
|---|---|
| 1 | The Complaint alleges that Marie Brauer became a resident of Villa Campana on |
| 2 | February 23, 2010. (*Id.*) The following day, Marie Brauer fell, fracturing a hip and injuring |
| 3 | her head. (*Id.* at 10.) As a result of those injuries, she died on March 5, 2010. (*Id.*) Plaintiff |
| 4 | alleges Defendants were negligent under Arizona statute and common law and caused her |
| 5 | wrongful death. (*Id.* at 10-11.) Plaintiff certified that the case was not subject to compulsory |
| 6 | arbitration under the governing state rules. (*Id.* at 7.) |
| 7 | On November 30, 2011, Defendant removed the case to this Court, alleging that the |
| 8 | Court has diversity jurisdiction over the case. (*Id.* at 1-2.) Plaintiff is a resident of Arizona, |
| 9 | while Defendant is a Delaware corporation with its principal place of business in Kentucky. |
| 10 | (*Id.* at 2.) Defendant averred that the amount in controversy exceeds $75,000, upon |
| 11 | information and belief. (*Id.*) |

**DISCUSSION**

The district courts have original jurisdiction of cases in which the amount in controversy exceeds $75,000, and the parties are citizens of different states. 28 U.S.C. § 1332(a)(1). A corporation is "a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The legal representative of a decedent's estate is treated as a citizen of the same state as the decedent. 28 U.S.C. § 1332(c)(2). Title 28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant."

**Motion to Amend**

After removal, Plaintiff filed a motion to amend the Complaint, seeking to add as a defendant Kelly Covert, a nurse that provided care during relevant times to Marie Brauer.

Plaintiff and Defendant rely, in part, on Federal Rule of Civil Procedure 19(b) in assessing whether Covert should be joined as a defendant. That rule addresses the situation when a required party cannot be joined and a court must decide whether to proceed without the party or dismiss the case. Fed. R. Civ. P. 19(b). The situation before the Court is

governed more squarely by 28 U.S.C. § 1447, upon which Plaintiff also relies: "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." This decision rests in the district court's discretion and the Court balances the equities to assess whether amendment comports with fundamental fairness. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998); *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371 (9th Cir. 1980) (evaluating joinder under Rule 20). As an initial consideration, Plaintiff's request to amend was timely, being sought promptly after removal.

The Court does not find any support for Defendant's assertion that Plaintiff's motive in seeking joinder is solely to destroy federal jurisdiction. First, Defendant relies on cases, identified in a notice of supplemental authority, for the proposition that the Court can ignore Covert as a defendant for purposes of diversity because Plaintiff is joining her only to defeat jurisdiction. (Doc. 12.) The cited cases all address the fraudulent joinder doctrine, which allows a federal court to ignore a defendant that was fraudulently joined in state court solely to evade removal to federal court jurisdiction. *See Albi v. Streer & Smith Publ'ns*, 140 F.2d 310 (9th Cir. 1944); *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). That principle has no application here, where joinder is sought after removal. *See Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677-78 (5th Cir. 1999) (explaining that if a plaintiff seeks to join a party in federal court against whom recovery is not possible, solely to defeat jurisdiction, the request would be denied and no joinder would occur). Second, and more important, Plaintiff named the unknown employees as doe defendants in his original complaint. Thus, Defendant was on notice prior to removal that Plaintiff believed some of Defendant's employees were liable.

Plaintiff alleges in the Complaint that Defendant is responsible for the actions of its employees. If Plaintiff has to sue Covert and possibly other employees in state court, both parties may end up litigating in two forums, which would not be beneficial to the parties or the courts. Although Defendant has an interest in a federal forum, it would suffer minimal prejudice from adjudicating these state-law claims in one action in a state forum.

Defendant argues that Plaintiff fails to allege how Covert violated the governing statute or the standard of care, or how she caused Marie Brauer's injuries. Plaintiff makes the same allegations against Covert that he did against Defendant Villa Campana. Defendant found the allegations against Villa Campana sufficient to file an answer rather than a motion to dismiss for failure to state a claim. The Court does not see any basis for more specific allegations as to an individual defendant. As a corporation, Defendant can only have acted through its employees working at the facility; therefore, it is reasonable and fair for Plaintiff to include those actors once known in his complaint.

The Court finds that amendment should be allowed.

**Motion to Remand**

Plaintiff argues that the case should be remanded pursuant to 28 U.S.C. § 1447(e), because the addition of Covert as a defendant defeats this Court's subject matter jurisdiction. The Court agrees.

Plaintiff also argues that this Court never had proper subject matter jurisdiction because Defendant did not provide sufficient evidence of the amount in controversy. It is Defendant's burden upon removal to demonstrate the Court has federal subject matter jurisdiction. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (noting the presumption against removal jurisdiction).

Plaintiff is correct that the complaint does not allege a specific dollar demand and Defendant's allegation in the Notice of Removal that the amount in controversy is over $75,000 is conclusory. Defendant has the burden of establishing by a preponderance of the evidence facts to support its assertion that the amount in controversy exceeds $75,000. *Id.* at 567. In response to the motion to remand, Defendant argues that because this case alleges wrongful death and a violation of the Arizona Adult Protective Services Act, "one would have to ignore all logic to believe the Plaintiff is going to demand less than $75,000." (Doc. 11 at 4.) Further, Defendant notes that Plaintiff certified this case was not subject to compulsory arbitration in Pima County, and such a case must be valued by the plaintiff above $50,000 under the county rules. The Court agrees that it is highly unlikely Plaintiff is seeking

less than $75,000, *see Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (considering whether the amount in controversy is "facially apparent"), and he does not disavow that in his briefing on the motion. However, Defendant does not currently have sufficient proof of the amount in controversy to overcome the strong presumption against removal jurisdiction. *See Gaus*, 980 F.2d at 566.

Defendant requests that the Court not remand this case prior to initial disclosures, at which time Plaintiff will have to provide a computation of damages. Courts may allow discovery regarding the amount in controversy but it is not required. *Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 691 (9th Cir. 2006). Because this case is subject to remand due to amendment, the Court finds it need not resolve this issue nor allow additional time before ruling on the motion.

**RECOMMENDATION**

The Court finds that joinder of Covert as a defendant is warranted and should be granted. Because Covert will destroy diversity jurisdiction, this case must be remanded to state court. The Magistrate Judge recommends the District Court, after its independent review of the record, enter an order GRANTING Plaintiff's Motion to Amend and Motion to Remand. (Docs. 8, 9).

Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. If objections are not timely filed, they may be deemed waived.

DATED this 3rd day of February, 2012.

D. Thomas Ferraro
United States Magistrate Judge